IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DARNELL PORTER,
#116186                                                                                                  PLAINTIFF

v.                                          4:09CV00890JTK

NURSE LUMPKIN, et al.                                                             DEFENDANTS

**ORDER**

This matter is before the Court on Plaintiff's motion for a temporary restraining order, which this Court construes as a motion for preliminary injunctive relief (Doc. No. 40). Defendants have filed a response in opposition to the motion (Doc. No. 41).

The standard in this circuit for reviewing a motion for a preliminary injunction was established in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Court must consider the following factors:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that movant will succeed on the merits; and (4) the public interest.

Id. No single factor is dispositive, but the movant must establish a threat of irreparable harm. Id. Without a finding of irreparable injury, a preliminary injunction should not be issued. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

In Goff v. Harper, 60 F.3d 518, 520-21 (8th Cir. 1995), the court addressed the district court's role in inmate applications for injunctive relief as follows:

> [I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable

> problems of prison administration...[t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.

Plaintiff is an inmate incarcerated at the Faulkner County Detention Facility (Jail), alleging deliberate indifference to his serious medical needs by the Defendants. In the present motion, Plaintiff states he watched a fellow inmate die of a heart attack at the Jail, due to the allegedly inadequate care provided by Jail employees. Plaintiff states he fears for his health and safety, and asks the Court to order that he not be treated by Defendant Stewart and the medical staff at the Jail. Plaintiff also states he has been denied access to use of the law library and is unable to prepare for trial or file motions or briefs.

In response, Defendants state Plaintiff has not alleged facts to show that he will sustain irreparable harm if he is not provided with the requests made in the motion.

The Court notes that in his motion, Plaintiff does not allege specific facts about Defendants as it relates to his own personal requests for medical care and treatment. Therefore, the Court finds no support of a finding of irreparable harm to the Plaintiff, based on the alleged lack of appropriate medical care provided to another inmate. In addition, Plaintiff does not allege he is unable to file documents in his legal cases or otherwise has been harmed by the alleged denial of access to the law library. Plaintiff was able to file both the motion for temporary restraining order and a motion to amend (Doc. Nos. 36, 40), and therefore, has not demonstrated any harm. The right of access to the courts was defined in <u>Lewis v. Casey</u>, 518 U.S. 343 (1996), where the Court stated that an inmate alleging a denial of this constitutional right must show "actual injury." This injury can not be established by alleging that the prison law library or legal assistance program "is sub-par in some theoretical sense,"... but Plaintiff "must go one step further and demonstrate that the alleged

shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." Id. at 349.

In light of the case law cited above, Defendants' response to Plaintiff's motions, the Dataphase considerations, and the standard set forth in Goff, supra, the Court finds Plaintiff has not alleged sufficient facts to support a finding of irreparable harm so as to require a hearing under the Dataphase factors, and therefore, his motion will be denied. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's motion for temporary restraining order (Doc. No. 40), which this Court construes as a motion for preliminary injunctive relief, is hereby DENIED.

IT IS SO ORDERED this 20th day of August, 2010.

_____
United States Magistrate Judge